NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN WESLEY WILLIAMS,

  Plaintiff - Appellant,

 v.

MARCUS POLLARD, Warden; R.
BUCKEL, Chief Deputy Warden; O.
NAVARRO; KATHLEEN ALLISON,
Secretary, CDCR; CONNIE GIPSON,
Deputy Director, CDCR,

  Defendants - Appellees.

No. 24-3582

D.C. No.
3:21-cv-00055-RSH-DTF

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Submitted December 17, 2025[**]

Before:    PAEZ, CHRISTEN, and KOH, Circuit Judges.

California state prisoner John Wesley Williams appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

defendants failed to protect him from COVID-19.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447 (9th Cir. 2018).  We affirm.

The district court properly granted summary judgment for defendants Allison, Gipson, Pollard, and Buckel because the undisputed evidence shows that the policies they promulgated and implemented were reasonable responses to the COVID-19 pandemic, and Williams failed to raise a genuine dispute of material fact as to whether they participated in or directed any alleged constitutional violation.  *See Farmer v. Brennan*, 511 U.S. 825, 844 (1976) (explaining that prison officials do not violate the Eighth Amendment, even if they actually knew of a substantial risk to inmate health or safety, if they responded reasonably to the risk); *Starr v. Baca*, 652 F.3d 1202, 1206–08 (9th Cir. 2011) (holding that a supervisor may be liable under § 1983 only if the supervisor was personally involved in the constitutional violation or if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation").

We do not consider the district court's summary judgment for defendant Navarro because Williams failed to raise this issue in the opening brief.  *See Eberle v. City of Anaheim*, 901 F.2d 814, 817-18 (9th Cir. 1990) (holding that an appellant waives an issue by failing to raise it in the opening brief).

The district court did not abuse its discretion in denying Williams's motion

to appoint an expert because it properly determined that an expert was not necessary for the trier of fact to understand the evidence or determine the facts at issue. *See* Fed. R. Evid. 702(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (standard of review).

Williams's request for judicial notice, set forth in his notice of appeal, is denied.

**AFFIRMED.**